Jane Doe v Moran

2026 NY Slip Op 02739

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

JANE DOE, PLAINTIFF-APPELLANT,

v

THOMAS E. MORAN, COUNTY OF LIVINGSTON, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

91 CA 25-00596

Present: Lindley, J.P., Curran, Ogden, Greenwood, And Hannah, JJ.

THE LAW OFFICE OF JOHN MANNING REGAN, JR., ROCHESTER (JOHN M. REGAN, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GROSS SHUMAN P.C., BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Monroe County (Danielle M. Fogel, J.), entered September 19, 2024. The order granted that part of the motion of defendants Thomas E. Moran and County of Livingston to dismiss the complaint against them and denied the cross-motion of plaintiff to amend the complaint.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to the Adult Survivors Act (ASA) (see CPLR 214-j) against defendant Thomas E. Moran, who was at all relevant times the District Attorney of Livingston County; Moran's employer, defendant County of Livingston (County); and defendant Eric Harder, among others. We conclude that Supreme Court properly granted that part of the motion of Moran and the County (defendants) seeking to dismiss the complaint against them on statute of limitations grounds (see CPLR 3211 [a] [5]).

By way of background, plaintiff was arrested in January 2004 for her alleged participation in a gunpoint robbery that occurred in December 2003. The police arrested three other people for the crime, including Harder. According to the police, plaintiff, using her own car, drove two of her codefendants in the robbery to and from the scene of the crime. Plaintiff's codefendants in the robbery pleaded guilty and implicated her during their factual colloquies. Plaintiff later pleaded guilty as well, albeit without admitting culpability, pursuant to North Carolina v Alford (400 US 25 [1970]; see generally Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]).

In November 2023, plaintiff commenced this action pursuant to the ASA. The complaint asserts a single cause of action that includes a claim for malicious prosecution against Moran, the former District Attorney who prosecuted plaintiff for the robbery approximately 20 years earlier, and the County, based on principles of vicarious liability. The cause of action is based on allegations that Harder raped plaintiff at knifepoint late in the afternoon on December 8, 2003, six or seven hours before the robbery took place. Although the complaint does not allege that Moran had anything to do with the sexual assault, plaintiff asserts in her pleading that Moran "aggravated the injury and trauma" arising from the violent rape by working with Harder and other witnesses to "bring false criminal charges" against her. According to the complaint, Moran persuaded plaintiff's codefendants in the criminal action, including Harder, to falsely implicate plaintiff in the robbery, resulting in her wrongful conviction.

In lieu of an answer, defendants moved to dismiss the complaint against them on various grounds, including that it was barred by the statute of limitations. Defendants argued that the [*2]claim asserted against them, sounding in malicious prosecution, is not revived by the ASA because it is not based on conduct constituting a sex crime under article 130 of the Penal Law. Plaintiff opposed the motion and cross-moved to amend the complaint to specifically assert a cause of action against all defendants for intentional infliction of emotional distress based upon the same facts alleged in the complaint. Supreme Court granted the motion insofar as it sought dismissal of the complaint against defendants and denied the cross-motion, concluding that the tort claim against defendants is time-barred. We now affirm.

Modeled after the Child Victims Act (see CPLR 214-g), the ASA opened a one-year window for adult survivors of sexual abuse to revive otherwise time-barred civil claims based on, inter alia, conduct that "would constitute a sexual offense as defined in [Penal Law article 130]" (CPLR 214-j). Here, as the court determined, the tort claim asserted against defendants is not based on conduct by Moran that would constitute a sexual offense. Instead, the claim is based on conduct by Moran that would constitute fabrication of evidence and malicious prosecution. Although it may be true that Moran's alleged conduct—resulting in plaintiff's conviction—aggravated the psychological trauma to plaintiff arising from the sexual assault committed by Harder, such conduct did not in any way cause the sexual assault or allow it to happen. Indeed, as the record makes plain, Moran did not even know plaintiff or Harder when the rape allegedly occurred, and his alleged tortious acts took place weeks and months later, before plaintiff told anyone that she had been raped.

It is true, as plaintiff contends, that the ASA is not limited to claims asserted against sexual abusers. As stated in the Senate Introducer's Memorandum in Support of the ASA, the statute is intended to allow sexual abuse victims to "seek civil redress against their abuser or their abuser's enablers in a court of law" (Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 203 at 7 [emphasis added]; see generally Matter of All Plaintiffs in Child Victims Act NYC Litig. v All Defendants in Child Victims Act NYC Litig., 200 AD3d 476, 477-478 [1st Dept 2021]). Here, however, the complaint, even liberally construed (see generally Richardson v Tops Mkts., LLC, 243 AD3d 1215, 1217 [4th Dept 2025]), does not allege any facts that, if true, would establish that Moran enabled the rape of plaintiff by Harder, neither of whom Moran knew when the assault was committed. The mere fact that Moran's alleged tortious conduct may have aggravated injuries previously caused to plaintiff by Harder's sexual assault does not bring his conduct within the ambit of CPLR 214-j. We therefore conclude that the court properly granted the motion insofar as it seeks to dismiss the complaint as against defendants on statute of limitations grounds.

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court